GALANTUCCI & PATUTO, ESQS.
David J. Altieri, Esq.
21 Main Street, Suite 151
Court Plaza South – West Wing
Hackensack, New Jersey 07601
Telephone: (201) 646-1100
dja@gpesq.com
*Attorneys for Plaintiff, Giovani Oscar Valle-Castro*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIOVANI OSCAR VALLE-CASTRO,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF NEWARK; NEWARK DEPARTMENT OF PUBLIC SAFETY; JANE DOES and JOHN DOES 1-50, individually and in his official capacity; and XYZ CORPORATIONS 1-10,<br><br>                        Defendants. | Civil Action No.:<br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff, Giovani Oscar Valle-Castro, residing at 34-09 108th Street, Corona, New York 11368, by and through his attorneys, Galantucci & Patuto, Esqs., for his Complaint alleges as follows:

1

## PARTIES

1.    At all relevant times, Plaintiff was a citizen and resident of New York State.

2.    Defendant, City of Newark, is a municipal corporation operating under the laws of the State of New Jersey.

3.    At all times relevant to the allegations herein, Defendant City of Newark, by and through each Defendant named in the caption thereunder, was responsible for and exercised control over the entities and agents that caused harm upon Plaintiff.

4.    At all times relevant to the allegations herein, Defendant City of Newark, by and through each Defendant named in the caption thereunder, was responsible for and exercised control over the entirety of the Newark Department of Public Safety.

5.    At all times relevant to the allegations herein, Defendant Newark Department of Public Safety, by and through each Defendant named in the caption thereunder, employed, supervised, and was responsible for the actions of any person or entity named thereunder in the caption above, including those officers who fired weapons at Plaintiff, causing catastrophic personal injury.

2

6.    At all times relevant to the allegations herein, the officers acted under the color of law.

## JURISDICTION AND VENUE

7.    Plaintiff is suing under 42 U.S.C. § 1983 and, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional and statutory rights under color of state law.

8.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure the protection of and to redress the deprivation of rights secured by the Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. § 1983 and 42 U.S.C. § 1988, which provides for the protection of all persons in their civil rights and the redress of the deprivation of right under the color of law.

9.    The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1331 in order to resolve a controversy arising under the Constitution or laws of the United States, particularly the Fourteenth Amendment to the United States Constitution at 42 U.S.C. § 1983.

10.    This Court has diversity jurisdiction over this matter as codified in Title 28, Section 1332 of the United States Code, specifically 28 U.S.C. § 1332(a).

11.    The amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

12.    This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state claims pleaded herein.

13.    This court has personal jurisdiction over Defendants.

14.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

15.    On the evening of Monday, August 12, 2024, near Hawthorne Avenue in Newark, New Jersey, as police were conducting an investigation, Plaintiff climbed into a vehicle and attempted to drive away.

16.    He was then unjustifiably subjected to gunfire by officers from the Newark Department of Public Safety.

17.    That gunfire, undertaken in violation of the New Jersey Attorney General's Use of Force Policy, was the direct cause of Plaintiff's injuries.

18.    Plaintiff suffered several injuries, including, but not limited to, paralysis.

19.     Plaintiff has also suffered from mental anguish, as well as foreseeable, proximately caused injuries occurring as a result of the hospital stay necessitated by Defendants' unlawful acts.

20.     A Notice of Claim was filed by this office on September 20, 2024.

**FIRST CAUSE OF ACTION**

*42 U.S.C. – Fourth and Fourteenth Amendments – Excessive Force*

21.     Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

22.     Jane and John Does 1-50, Defendant officers, indisputably acted under color of state law at all times relevant to the claims herein, using power that he possessed by virtue of state law, as he was clothed in the authority of the state and misusing the authority thereof.

23.     While acting under color of state law, Jane and John Does 1-50, Defendant officers, deprived Plaintiff of his constitutional and statutory rights pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments as they relate to excessive force.

24.     At all relevant times, there was no medical, legal, security, or other need for Jane and John Does 1-50, Defendant officers, to employ the force employed upon Plaintiff.

25. By firing their weapons under the circumstances set forth herein, Jane and John Does 1-50, Defendant officers, used excessive force in violation of the rights secured to Plaintiff by the Fourth Amendment.

26. As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## SECOND CAUSE OF ACTION
*42 U.S.C. – Eighth and Fourteenth Amendments – Excessive Force*

27. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

28. Jane and John Does 1-50, Defendant officers, an employee of the City of Newark and the Newark Department of Public Safety, indisputably acted under color of state law at all times relevant to the claims herein, using power that he possessed by virtue of state law, as he was clothed in the authority of the state and misusing the authority thereof.

29. While acting under color of state law, Jane and John Does 1-50, Defendant officers, deprived Plaintiff of his constitutional and statutory rights pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments as they relate to excessive force.

30.   At all relevant times, there was no medical, legal, security, or other need for Jane and John Does 1-50, Defendant officers, to employ the force employed upon Plaintiff.

31.   By firing their weapons under the circumstances set forth herein, Jane and John Does 1-50, Defendant officers, used excessive force in violation of the rights secured to Plaintiff by the Eighth Amendment.

32.   As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

### THIRD CAUSE OF ACTION
*42 U.S.C. –Fourteenth Amendment – Substantive Due Process*

33.   Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

34.   Jane and John Does 1-50, Defendant officers, employees of the Newark Department of Public Safety, indisputably acted under color of state law at all times relevant to the claims herein, using power they possessed by virtue of state law, as they were clothed in the authority of the state and misusing the authority thereof.

35.   While acting under color of state law, Jane and John Does 1-50, Defendant officers, deprived Plaintiff of his constitutional and statutory

7

rights pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment as it relates to substantive due process.

36.   By firing their weapons under the circumstances set forth herein, Jane and John Does 1-50, Defendant officers, deliberately engaged in conduct that shocks the conscience.

37.   As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## FOURTH CAUSE OF ACTION
*Supervisor Liability*

38.   Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

39.   Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation of Plaintiff's federal rights.

40.   Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, should have adopted a

practice in which Jane and John Does 1-50, Defendant officers, were properly trained in the use of force.

41. Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, should have adopted a practice in which Jane and John Does 1-50, Defendant officers, were equipped to ensure the health, safety, and welfare of the public.

42. Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, should have adopted a practice in which Jane and John Does 1-50, Defendant officers, did not create a hazard or threat to the health, safety, and welfare of the public.

43. Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, should have adopted a practice in which officers were trained to properly engage with the public when investigating a potential crime.

44. Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, should have adopted a practice in which officers were trained to employ deadly force.

45. Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, should have adopted a practice in which officers were trained to properly handle firearms.

46. Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, should have adopted a practice in which officers were adequately informed of the rules, regulations, and Attorney General Directives governing the use of force.

47. The existing customs and practices that described herein created an unreasonable risk of harm to Plaintiff.

48. John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, were aware that this unreasonable risk existed.

49. Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, was deliberately indifferent to that risk.

50. Plaintiff's near-fatal injuries were, in part, due to Jane and John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, failure to adopt any or all of the policies required of sworn law enforcement officers.

51. As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive

damages, attorney's fees, and any other relief that the Court deems just and appropriate.

### FIFTH CAUSE OF ACTION
*Failure to Intervene*

52. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

53. Jane and John Does 1-50, Defendant officers, violated Plaintiff's right to his constitutionally secured right of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness.

54. Jane and John Does 1-50, Defendant officers, had a duty to intervene. Police officers have a duty to intervene during an unjustified use of force.

55. Jane and John Does 1-50, Defendant officers, had a duty to intervene. Police officers have a duty to intervene during an improperly conducted investigation.

56. Jane and John Does 1-50, Defendant officers, had a reasonable opportunity to intervene.

57. Jane and John Does 1-50, Defendant officers, failed to intervene.

58. As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive

damages, attorney's fees, and any other relief that the Court deems just and appropriate.

**SIXTH CAUSE OF ACTION**
*Municipal Liability*

59.  Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

60.  The deprivation of Plaintiff's constitutionally secured right of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness, including the right to be free from the unlawful use of force, resulted from Defendants' official policy or custom, including the widespread custom and well-settled practice of failing to adequately protect the health, safety, and welfare of the public through the improper use of force.

61.  The deprivation of Plaintiff's constitutionally secured right of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness, resulted from Defendants' official policy or custom, including inadequate training, inadequate supervision, inadequate screening during the hiring process, and failure to adopt a needed policy.

62.  Defendants' inadequate training, inadequate supervision, inadequate screening during the hiring process, and failure to adopt a needed policy

resulted in Defendants' failure to adequately protect the health, safety, and welfare of the public made the violation of Plaintiff's constitutionally secured right of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness, a highly predictable consequence of the inadequate training, inadequate supervision, inadequate screening during the hiring process, and failure to adopt a needed policy that Defendants were deliberately indifferent thereto.

63.    Defendants knew or should have known that the wide-spread inadequacies in protecting the health, welfare, and safety of inmates would result in constitutional injury.

64.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

**SEVENTH CAUSE OF ACTION**
*Municipal Liability – Inadequate Training*

65.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

66.    Defendant Newark Department of Public Safety's training program was inadequate to train its employees to carry out their duties.

67.    Defendant Newark Department of Public Safety's failure to adequately train amounted to deliberate indifference to the fact that inaction would result in the violation of Plaintiff's constitutionally protected rights.

*68.*    Defendant Newark Department of Public Safety's failure to adequately train its agents and employees proximately caused the violation of Plaintiff's constitutionally protected rights.

69.    Defendant Newark Department of Public Safety knew that employees would confront a situation similar to the incident at issue in this case, as is common in the City of Newark.

70.    The instant situation involved a matter that employees have had a history of mishandling.

71.    The wrong choice by an employee in said situation will frequently cause a deprivation of constitutionally secured rights.

72.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## EIGHTH CAUSE OF ACTION
*Municipal Liability – Supervision*

73.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

74.    Defendants failed to adequately supervise its employees.

75.    Defendants failure to adequately supervise amounted to deliberate indifference to the fact that inaction would result in the violation of Plaintiff's constitutionally protected rights.

76.    Defendants failure to adequately supervise proximately caused the violation of Plaintiff's constitutionally protected rights.

77.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

**<u>NINTH CAUSE OF ACTION</u>**
*Municipal Liability – Inadequate Screening*

78.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

79.    At the time of hiring, Defendants failed to check adequately screen John Does 1-50, those with supervisory responsibilities over Jane and John Does 1-50, Defendant officers, as well as Jane and John Does 1-50, Defendant officers.

80.    Defendants failure to adequately check the backgrounds of Defendant officers amounted to a deliberate indifference to the risk that a violation of a person's federal rights would follow the hiring decision.

81. Such failure proximately caused the violation of that federal right with respect to Plaintiff.

82. Adequate scrutiny of Defendant officers' background would have led a reasonable policymaker to conclude that it was obvious that hiring said officers would lead to the particular type of harm that Plaintiff alleges.

83. As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive.

## TENTH CAUSE OF ACTION
### *Failure to Provide Medical Care*

84. Plaintiff incorporates by reference all preceding paragraphs as if fully restate here.

85. Jane and John Does 1-50, Defendant officers, owed a duty to Plaintiff to provide medical care and to exercise due and reasonable care to preserve his life, health, and safety.

86. Jane and John Does 1-50, Defendant officers, breached that duty.

87. Jane and John Does 1-50, Defendant officers, were acting under the color of New Jersey law when engaging in the conduct that exacerbated Plaintiff's injuries following the wounds caused by Defendant officers' gunshots.

88. Jane and John Does 1-50, Defendant officers, acted maliciously in that they consciously violated Plaintiffs civil and constitutional rights, and

consciously intended to injure Plaintiff in the manner done knowing it was unlawful to do so, and/or they acted in a wanton manner by recklessly and/or callously disregarding Plaintiff's rights.

89. Plaintiff suffered further, foreseeable injuries at the hospital at which he was treated.

90. All injuries suffered by Plaintiff directly and proximately caused by the actions of Defendants.

91. As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive.

## ELEVENTH CAUSE OF ACTION
*Conspiracy*

92. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

93. Despite requests, the Newark Department of Public Safety has failed to provide any information to Plaintiff's counsel regarding the incident in question.

94. Such failure constitutes a further violation of Plaintiff's civil rights, as directly and proximately caused by Defendants' failure to provide the requested information.

95. As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive.

## TWELTH CAUSE OF ACTION
*Assault and Battery*

96. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

97. Jane Does and John Does 1-50, the officer responsible for firing his weapon resulting in near-fatal injury to Plaintiff, acted intending to cause a harmful or offensive contact with the person of Plaintiff, or an imminent apprehension of such a contact.

98. Plaintiff was thereby put in such imminent apprehension. A battery necessarily includes a preceding assault and in addition extends to actual, nonconsensual contact.

99. As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## THIRTEENTH CAUSE OF ACTION
*Negligent Hiring*

100. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

101. Plaintiff alleges that Defendants were negligent in the manner in which they hired and supervised Jane and John Does 1-50.

102. Plaintiff further claims that as a result of Defendants' negligence, he was exposed to the wildly dangerous actions of Jane Does and John Does 1-50, particularly the officer responsible for firing his weapon resulting in near-fatal injury to Plaintiff.

103. As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

### FOURTEENTH CAUSE OF ACTION
*New Jersey Civil Rights Act – Article I, paragraph 1*

104. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

105. The conduct of Defendants proximately caused a deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, Article I, paragraph 1 of the New Jersey Constitution, and New Jersey state law, specifically N.J.S.A. 10:6-2c.

106. Specifically, as set forth in detail above, Defendants deprived Plaintiff of his constitutionally secured right of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness.

107.   At all times relevant herein, Defendants were acting under the color of law and under the authority of the City of Newark and the Newark Department of Public Safety.

108.   As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

### FIFTEENTH CAUSE OF ACTION
*New Jersey Civil Rights Act – Article I, paragraph 7*

109.   Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

110.   The conduct of Defendants proximately caused a deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, Article I, paragraph 7 of the New Jersey Constitution, and New Jersey state law, specifically N.J.S.A. 10:6-2c.

111.   Specifically, as set forth in detail above, Defendants deprived Plaintiff of her constitutionally secured right to be free from the use of excessive force.

112.   At all times relevant herein, Defendants were acting under the color of law and under the authority of the City of Newark and the Newark Department of Public Safety.

113.  As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## SIXTEENTH CAUSE OF ACTION
*New Jersey Civil Rights Act – Article I, paragraph 12*

114.  Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

115.  The conduct of Defendants proximately caused a deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, Article I, paragraph 7 of the New Jersey Constitution, and New Jersey state law, specifically N.J.S.A. 10:6-2c.

116.  Specifically, as set forth in detail above, Defendants deprived Plaintiff of her constitutionally secured right to be free from the use of excessive force.

117.  At all times relevant herein, Defendants were acting under the color of law and under the authority of the City of Newark and the Newark Department of Public Safety.

118.  As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive

damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## PUNITIVE DAMAGES

119. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

120. The conduct of Defendants proximately caused a deprivation of Plaintiff's rights under 42 U.S.C. §§ 1983 and 1988 and secured by the United States Constitution, the New Jersey Constitution, and New Jersey state law.

121. Defendants' misconduct was malicious, wanton, objectively unreasonable, or willfully indifferent to the rights of Plaintiff.

122. Defendants' actions were egregious and demonstrate a conscious disregard for the rights of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in his favor against Defendants on all counts, awarding compensatory and punitive damages, and also awarding court costs, attorney's fees, and any other relief that the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all issues so triable.

## <u>CERTIFICATION</u>

The firm of Galantucci & Patuto, Esqs. has been retained to represent Plaintiff, Giovani Oscar Valle-Castro, in connection with the within matter.  I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration or administrative proceeding. There are no other parties of whom I am presently aware who should be joined in this action.  The defendants herein have been served with a Notice of Tort Claim pursuant to <u>N.J.S.A.</u> 59:9-1, <u>et</u>. <u>seq</u>., as Plaintiff has included state law claims herein, over which this Court has supplemental jurisdiction.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

GALANTUCCI & PATUTO, ESQS.

BY:   <u>s/ David J. Altieri</u>
       DAVID J. ALTIERI, ESQ.
       GALANTUCCI & PATUTO, ESQS.
       *Attorneys for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I hereby certify that on this day, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceedings.

I certify under penalty of perjury that the foregoing is true and correct.

s/ David J. Altieri

DAVID J. ALTIERI, ESQ.

GALANTUCCI & PATUTO, ESQS.

*Attorneys for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1</u>

I hereby certify that the above-captioned matter is not subject to compulsory arbitration because Plaintiff's claims are based on an alleged violation of a right secured by the Constitution of the United States and Plaintiff's damages are in excess of $150,000.

I certify under penalty of perjury that the foregoing is true and correct.

<u>s/ David J. Altieri</u>
DAVID J. ALTIERI, ESQ.
GALANTUCCI & PATUTO, ESQS.
*Attorneys for Plaintiff*